## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. ____

04 - 10491 PBS

JOEY A. SCHNOBRICH,
　　　　Plaintiff(s)

v.

NELSON, WATSON &
ASSOCIATES, LLC.;
GEORGE NELSON, II;
GEORGE NELSON, III;
GREG CERULLO and JOHN
DeMINICO.
　　　　Defendants

MAGISTRATE JUDGE RBC

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F.O.M
DATE 3|11|04

### VERFIED COMPLAINT

### JURSIDICTION

1.　　The Plaintiff, JOEY A. SCHNOBRICH, hereby states that this Court

　　　has subject matter jurisdiction over all claims and controversies alleged

　　　herein pursuant to 28 U.S.C. § 1331 as said claims and controversies

　　　arise under Federal Statutory law.

2.　　That this Court has further jurisdiction over all supplemental claims and

　　　controversies pursuant to 28 U.S.C. § 1367(a) as said supplemental

　　　claims are transactionally related to the claims that allege violations of

　　　federal law.

### PARTIES

3.　　The Plaintiff, JOEY A. SCHNOBRICH, is an individual who resides at

　　　69 Hunters Run, Haverhill, Massachusetts in the County of Essex.

1

4.    The Defendant NELSON, WATSON & ASSOCIATES, LLC, is a Limited Liability Company duly formed pursuant to the Massachusetts Limited Liability Company Act.  That the principal place of business of the  defendant NELSON, WATSON & ASSOCIATES, LLC, (hereinafter "NELSON/WATSON") is located at 88 Essex Street, Horne Building, Suite 7, Haverhill Massachusetts in the County of Essex.

5.    The registered agent for service of NELSON, WATSON & ASSOCIATES, LLC is the Defendant George Nelson II and that the address for said registered agent is 3 Farm Road, Georgetown, MA, County of Essex.

6.    Upon information and belief, George Nelson II no longer resides nor owns 3 Farm Road, in Georgetown MA and that NELSON/WATSON has failed to properly amend its filings with the Secretary of the Commonwealth.

7.    The Defendant GEORGE NELSON II is an individual as well as a member of the Defendant NELSON/WATSON, and he resides at 301 Hollybrook Farm Lane, Vass, North Carolina.

8.    The Defendant GEORGE NELSON III is an individual as well as a member of the Defendant NELSON/WATSON, and he resides at 29 14th Avenue, Haverhill Massachusetts in the County of Essex.

9.    The Defendant GREG CERULLO is an individual as well as a member of the Defendant NELSON/WATSON, and he resides at 16

2

Crowninshield Street, Peabody, Massachusetts in the County of
Essex.

10.    The Defendant John DeMinico is an individual who resides at 97
Arlington Street, Haverhill, Massachusetts in the County of Essex.

### SHORT SUMMARY FOR THE
### CONVENIENCE OF THE COURT

11.    This case arises out of the Plaintiff's alleged violations that the
Defendants acted individually as well as in concert to willfully and
intentionally violate 18 U.S.C § 2701, 2707 of the Stored Wire and
Electronic Communications Act.  The Plaintiff alleges that in order to
gain an unfair advantage in a state law civil dispute regarding the
Plaintiff's interest in the Defendant NELSON/WATSON, and in order to
gain an unfair competitive advantage with respect to the Plaintiff's
competing debt collection business,  that the Defendants GEORGE
NELSON, II, GEORGE NELSON, III and GREG CERULL0, individually
and on behalf of NELSON/WATSON caused the Defendant JOHN
DeMINICO to unlawfully and intentionally access without authorization
the Plaintiff's two personal email accounts, on numerous occasions.
That in so doing the Defendants gained access to and read not only
the Plaintiff's private personal and business communications but that
they further read Attorney Client Privileged materials from attorney
Daniel P. Tarlow who was representing the Plaintiff in settlement
discussions with NELSON/WATSON as well as Attorney James Troisi
who was representing the Plaintiff in unrelated matters.  The Plaintiff

3

hereby states that this paragraph is merely a summary for the

convenience of the court and does not require a responsive pleading.

## COUNT I
## VIOLATIONS OF 18 U.S.C. § 2701
(George Nelson II)

12.    On or about February 5th, 2004 the Defendant GEORGE NELSON II,

individually and on behalf of the Defendant NELSON/WATSON, hired,

directed or otherwise caused the Defendant JOHN DeMINICO to

intentionally access, without authorization a facility through which an

electronic communication service is provided and in so doing,

unlawfully accessed the Plaintiff's email account designated and

identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C.

§ 2701.

13.    On or about February 6th, 2004 the Defendant GEORGE NELSON II,

individually and on behalf of the Defendant NELSON/WATSON, hired,

directed or otherwise caused the Defendant JOHN DeMINICO to

intentionally access, without authorization a facility through which an

electronic communication service is provided and in so doing,

unlawfully accessed the Plaintiff's email account designated and

identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C.

§ 2701.

14.    On or about February 10th, 2004 the Defendant GEORGE NELSON II,

individually and on behalf of the Defendant NELSON/WATSON, hired,

directed or otherwise caused the Defendant JOHN DeMINICO to

4

intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

15.   On or about February 17th, 2004 the Defendant GEORGE NELSON II, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

16.   On or about February 18th, 2004 the Defendant GEORGE NELSON II, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

17.   On or about February 19th, 2004 the Defendant GEORGE NELSON II, individually and on behalf of the Defendant NELSON/WATSON, hired,

directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

18.    On or about February 17th, 2004 the Defendant GEORGE NELSON II, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

19.    Upon Information and Belief, on dates prior to February 5th, 2004 the Defendant GEORGE NELSON II, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net as well as the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

20.   Upon Information and Belief, on dates subsequent to February 19th, 2004 the Defendant GEORGE NELSON II, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net as well as the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

21.   That in so doing, by intentionally accessing, without authorization, a facility through which an electronic communication service is provided the defendant GEORGE NELSON, II obtained access to the Plaintiff's confidential, personal and business information.

22.   That in so doing, by intentionally accessing, without authorization, a facility through which an electronic communication service is provided the defendant GEORGE NELSON, II obtained access to information of the Plaintiff which is protected by the Attorney Client Privilege.

23.   That said action of intentionally accessing, without authorization, a facility through which an electronic communication service is provided was willful and intentional.

24.   That as a result of the actions of the Defendant GEORGE NELSON II, the Plaintiff has been damaged.

COUNT II
VIOLATIONS OF 18 U.S.C. § 2701
(George Nelson III)

25.    The Plaintiff hereby re-states and re-alleges paragraphs 1 through 24
        as though the same were set full herein at length.

26.    On or about February 5th, 2004 the Defendant GEORGE NELSON III,
        individually and on behalf of the Defendant NELSON/WATSON, hired,
        directed or otherwise caused the Defendant JOHN DeMINICO to
        intentionally access, without authorization a facility through which an
        electronic communication service is provided and in so doing,
        unlawfully accessed the Plaintiff's email account designated and
        identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C.
        § 2701.

27.    On or about February 6th, 2004 the Defendant GEORGE NELSON III,
        individually and on behalf of the Defendant NELSON/WATSON, hired,
        directed or otherwise caused the Defendant JOHN DeMINICO to
        intentionally access, without authorization a facility through which an
        electronic communication service is provided and in so doing,
        unlawfully accessed the Plaintiff's email account designated and
        identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C.
        § 2701.

28.    On or about February 10th, 2004 the Defendant GEORGE NELSON III,
        individually and on behalf of the Defendant NELSON/WATSON, hired,
        directed or otherwise caused the Defendant JOHN DeMINICO to

8

intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

29.    On or about February 17th, 2004 the Defendant GEORGE NELSON III, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

30.    On or about February 18th, 2004 the Defendant GEORGE NELSON III, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

31.    On or about February 19th, 2004 the Defendant GEORGE NELSON III, individually and on behalf of the Defendant NELSON/WATSON, hired,

directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

32. On or about February 17th, 2004 the Defendant GEORGE NELSON III, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

33. Upon Information and Belief, on dates prior to February 5th, 2004 the Defendant GEORGE NELSON III, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net as well as the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

34.    Upon Information and Belief, on dates subsequent to February 19th,

2004 the Defendant GEORGE NELSON III, individually and on behalf

of the Defendant NELSON/WATSON, hired, directed or otherwise

caused the Defendant JOHN DeMINICO to intentionally access,

without authorization a facility through which an electronic

communication service is provided and in so doing, unlawfully

accessed the Plaintiff's email account designated and identified as

rollsroyce@nextel.blackberry.net as well as the Plaintiff's email

account designated and identified as joeymsw@comcast.net in

violation of 18 U.S.C. § 2701.

35.    That in so doing, by intentionally accessing, without authorization, a

facility through which an electronic communication service is provided

the defendant GEORGE NELSON, III obtained access to the Plaintiff's

confidential, personal and business information.

36.    That in so doing, by intentionally accessing, without authorization, a

facility through which an electronic communication service is provided

the defendant GEORGE NELSON, III obtained access to information

of the Plaintiff which is protected by the Attorney Client Privilege.

37.    That said action of intentionally accessing, without authorization, a

facility through which an electronic communication service is provided

was willful and intentional.

38.    That as a result of the actions of the Defendant GEORGE NELSON III,

the Plaintiff has been damaged.

COUNT III
VIOLATIONS OF 18 U.S.C. § 2701
(Greg Cerullo)

39.    The Plaintiff hereby re-states and re-alleges paragraphs 1 through 38
       as though the same were set full herein at length.

40.    On or about February 5th, 2004 the Defendant GREG CERULLO,
       individually and on behalf of the Defendant NELSON/WATSON, hired,
       directed or otherwise caused the Defendant JOHN DeMINICO to
       intentionally access, without authorization a facility through which an
       electronic communication service is provided and in so doing,
       unlawfully accessed the Plaintiff's email account designated and
       identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C.
       § 2701.

41.    On or about February 6th, 2004 the Defendant GREG CERULLO,
       individually and on behalf of the Defendant NELSON/WATSON, hired,
       directed or otherwise caused the Defendant JOHN DeMINICO to
       intentionally access, without authorization a facility through which an
       electronic communication service is provided and in so doing,
       unlawfully accessed the Plaintiff's email account designated and
       identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C.
       § 2701.

42.    On or about February 10th, 2004 the Defendant GREG CERULLO,
       individually and on behalf of the Defendant NELSON/WATSON, hired,
       directed or otherwise caused the Defendant JOHN DeMINICO to

intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

43.    On or about February 17th, 2004 the Defendant GREG CERULLO, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

44.    On or about February 18th, 2004 the Defendant GREG CERULLO, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

45.    On or about February 19th, 2004 the Defendant GREG CERULLO, individually and on behalf of the Defendant NELSON/WATSON, hired,

directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

46.  On or about February 17th, 2004 the Defendant GREG CERULLO, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

47.  Upon Information and Belief, on dates prior to February 5th, 2004 the Defendant GREG CERULLO, individually and on behalf of the Defendant NELSON/WATSON, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net as well as the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

14

48.   Upon Information and Belief, on dates subsequent to February 19th,
      2004 the Defendant GREG CERULLO, individually and on behalf of
      the Defendant NELSON/WATSON, hired, directed or otherwise caused
      the Defendant JOHN DeMINICO to intentionally access, without
      authorization a facility through which an electronic communication
      service is provided and in so doing, unlawfully accessed the Plaintiff's
      email account designated and identified as
      rollsroyce@nextel.blackberry.net as well as the Plaintiff's email
      account designated and identified as joeymsw@comcast.net in
      violation of 18 U.S.C. § 2701.

49.   That in so doing, by intentionally accessing, without authorization, a
      facility through which an electronic communication service is provided
      the defendant GEORGE NELSON, II obtained access to the Plaintiff's
      confidential, personal and business information.

50.   That in so doing, by intentionally accessing, without authorization, a
      facility through which an electronic communication service is provided
      the defendant GEORGE NELSON, II obtained access to information of
      the Plaintiff which is protected by the Attorney Client Privilege.

51.   That said action of intentionally accessing, without authorization, a
      facility through which an electronic communication service is provided
      was willful and intentional.

52.   That as a result of the actions of the Defendant GREG CERULLO, the
      Plaintiff has been damaged.