## COUNT IV
## VIOLATIONS OF 18 U.S.C. § 2701
### (John DeMinico)

53. The Plaintiff hereby re-states and re-alleges paragraphs 1 through 52 as though the same were set full herein at length.

54. On or about February 5th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

55. On or about February 6th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

56. On or about February 10th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

57. On or about February 17th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

58. On or about February 18th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

59. On or about February 19th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

60. On or about February 17th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and

identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

61. Upon Information and Belief, on dates prior to February 5th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

62. Upon Information and Belief, on dates subsequent to February 19th, 2004 the Defendant JOHN DeMINICO, intentionally accessed, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

63. That in so doing, by intentionally accessing, without authorization, a facility through which an electronic communication service is provided the defendant JOHN DeMINICO obtained access to the Plaintiff's confidential, personal and business information.

64. That in so doing, by intentionally accessing, without authorization, a facility through which an electronic communication service is provided the defendant JOHN DeMINICO obtained access to information of the Plaintiff which is protected by the Attorney Client Privilege.

65. That on each occasion that the Defendant JOHN DeMINICO unlawfully accessed the Plaintiff's email account, he transmitted the information which he viewed and obtained from said unlawful access to the Defendant GEORGE NELSON III, transmitted said information electronically by way of email to the email address of gnelson@nelsonwatson.com.

66. On information and belief, that on each occasion that the Defendant JOHN DeMINICO unlawfully accessed the Plaintiff's email account, he transmitted the information which he viewed and obtained from said unlawful access to the Defendants GEORGE NELSON II, GREG CERULLO and NELSON/WATSON transmitted said information electronically by way of email to the email address of gnelson@nelsonwatson.com.

67. On information and belief the email address of gnelson@nelsonwatson.com is that of George Nelson III but that said information has been made available to all members of the Defendant NELSON/WATSON.

68. That said action of intentionally accessing, without authorization, a facility through which an electronic communication service is provided was willful and intentional.

69. That as a result of the actions of the Defendant JOHN DeMINICO, the Plaintiff has been damaged.

19

## COUNT V
## VIOLATIONS OF 18 U.S.C. § 2701
(Nelson Watson & Associates)

70. The Plaintiff hereby re-states and re-alleges paragraphs 1 through 69 as though the same were set full herein at length.

71. On or about February 5th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

72. On or about February 6th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

73. On or about February 10th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully

accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

74. On or about February 17th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

75. On or about February 18th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

76. On or about February 19th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

Case 1:04-cv-10491-PBS    Document 1-2    Filed 03/11/2004    Page 7 of 12

77. On or about February 17th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

78. On information and belief, on dates prior to February 5th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net as well as the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

79. On information and belief, on dates subsequent to February 19th, 2004 the Defendant NELSON/WATSON, by and through the actions of its members, hired, directed or otherwise caused the Defendant JOHN DeMINICO to intentionally access, without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net as well as the

Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

80. That in so doing, by intentionally accessing, without authorization, a facility through which an electronic communication service is provided the defendant NELSON/WATSON obtained access to the Plaintiff's confidential, personal and business information.

81. That in so doing, by intentionally accessing, without authorization, a facility through which an electronic communication service is provided the defendant NELSON WATSON obtained access to information of the Plaintiff which is protected by the Attorney Client Privilege.

82. That said action of intentionally accessing, without authorization, a facility through which an electronic communication service is provided was willful and intentional.

83. That as a result of the actions of the Defendant NELSON/WATSON, the Plaintiff has been damaged.

## COUNT VI
## CIVIL CONSPIRACY

84. The Plaintiff hereby re-states and re-alleges paragraphs 1 through 83 though the same were set full herein at length.

85. The Defendants GEORGE NELSON, II, GEORGE NELSON, III, GREG CERULLO, and/or JOHN DeMINICO acted in concert and by agreement by and between themselves with the intent to injure the Plaintiff.

86. That the Defendants GEORGE NELSON, II, GEORGE NELSON, III, GREG CERULLO, and/or JOHN DeMINICO acted in concert to unlawfully access without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as rollsroyce@nextel.blackberry.net in violation of 18 U.S.C. § 2701.

87. That the Defendants GEORGE NELSON, II, GEORGE NELSON, III, GREG CERULLO, and/or JOHN DeMINICO acted in concert to unlawfully access without authorization a facility through which an electronic communication service is provided and in so doing, unlawfully accessed the Plaintiff's email account designated and identified as joeymsw@comcast.net in violation of 18 U.S.C. § 2701.

88. That as a result of the actions of the Defendant NELSON/WATSON, the Plaintiff has been damaged.

## RELIEF REQUESTED

WHEREFORE the plaintiff request damages and relief as follows:

1. That this Court enter a permanent injunction prohibiting the Defendants from accessing any electronic communications facilities or accounts utilized by the Plaintiff now or in the future.

2. That the Defendants be ordered not to disclose or disseminate any information or documentation obtained by their illegal access to the Plaintiff's email accounts.

3. That the Defendants, jointly and severally, be adjudged to have violated the provisions of 18 U.S.C. § 2701.

4. That the Plaintiff be awarded such preliminary and other equitable or declaratory relief as this Court deems appropriate pursuant to 18. U.S.C. § 2707 (b)(1).

5. That the Plaintiff be awarded damages pursuant to 18. U.S.C. § 2707 (b)(2) and 18. U.S.C. § 2707 (c), including as provided by said statute, punitive damages.

6. That the Plaintiff be awarded reasonable attorney fees and other litigation costs reasonably incurred pursuant to 18. U.S.C. § 2707 (b)(3).

7. That this Court adjudge that the Defendants acted in concert in a Civil Conspiracy with the intent to injure the Plaintiff and that each such Defendant be held jointly and severally liable for all damage awards, whether punitive or otherwise, including but not limited to all relief awarded pursuant to That the Plaintiff be awarded damages pursuant to 18. U.S.C. § 2707 (a) and (b).

8. Any other such relief that this Court deems appropriate.

Plaintiff
Joey A. Shnobrich
By his Attorney,

Daniel P. Tarlow, Esq.
291 Jefferson Ave.
Salem, MA 01970
781-696-5732
BBO#562126

Dated: 3/10/04

25

26

## VERIFICATION

I Joey A. Shnobrich, the plaintiff in the above captioned matter, certify under the penalties of perjury; (a) that I have read the foregoing complaint; and (b) that the allegations contained in said complaint are true and accurate based upon my personal knowledge, except such allegations as are made upon information and belief, which allegations I believe to be true.

_____        03/10/04
Joey A. Shnobrich                      Date

26