UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. ____

JOEY A. SCHNOBRICH,
　　Plaintiff(s)
V.

NELSON, WATSON &
ASSOCIATES, LLC.;
GEORGE NELSON, II;
GEORGE NELSON, III,
GREG CERULLO and JOHN
DeMINICO.
　　Defendants

04cv10491 PBS

## PROPOSED ORDER

This action came on for hearing before the Court, Saris, D.J., presiding, upon the marking of Joey A. Schnobrich, Plaintiff in the above-entitled action for an assessment of damages after default by the Court, pursuant to Mass.R.Civ.P. 55(b)(2), and it appearing to the Court that the complaint in said action was filed on the 11th day of March, 2004 and that the summons and complaint were duly served on the Defendant John DeMinico on the 17th day of March, 2004 and that no answer or other defense has been filed by the said Defendant, and that the default was entered on the 10th day of May, 2004 in the office of the Clerk of this Court, and that no proceedings have been taken by the said Defendant since the said default was entered, other than to file a letter stating that he was going to hire an Attorney, it is ORDERED and ADJUDGED:

　　1.　　That 18 USC §2701(a)(1) provides: . . . Except as provided in subsection (c) of this section whoever - . . . (1) intentionally accesses without authorization a

facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, altars, what prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

2.  That 18 USC §2707 provides a civil remedy for violations of 18 USC §2701 as follows:

Sec. 2707. Civil action

(a) Cause of Action. - Except as provided in section 2703 (e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity which engaged in that violation such relief as may be appropriate.

(b) Relief. - In a civil action under this section, appropriate relief includes -

(1) such preliminary and other equitable or declaratory relief as may be appropriate;

(2) damages under subsection (c); and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred.

(c) Damages. - The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

3.  That the Defendant John DeMinico has violated 18 USC §2701 by accessing the Plaintiff's email accounts on seven separate occasions on the following dates: February 5, 2004, February 6, 2004, February 10, 2004, February 17[1], 2004, February 18, 2004, February 19, 2004.

4.  That Said actions of the Defendant were willful or intentional.

5.  That 18 USC § 2707 (c) provides that "in no case shall a person entitled to recover receive less than the sum of $1,000".

---

[1] On 2/17/04 the Defendant accessed the Plaintiff's email on two occasions.

6. That Judgment is hereby awarded as follows:

    a. Statutory minimum damages in the amount of $7,000[2].

    b. Punitive Damages in the amount of $_____.

    c. Costs in the amount of $202.00.[3]

    d. Attorney Fees $3,981.25

    e. Interest $

    e. Total Judgment $11,183.25 ~~plus punitive damages in the amount of~~ ~~$_____~~ and interest from March 11, 2004.

*[signature]* D.J.

6/9/04
Dated

without opposition

---

[2] This calculation is based upon the statutory $1,000.00 minimum for each violation of the statute.
[3] This Calculation is based on $150.00 filing fee & $52.00 Sheriff's Service Fee.